UNITED STATE DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
------------------------------------------------------------x   Docket: 19-CV-3533

JUNIOR NERVIL,

**JURY TRIAL**
**DEMANDED COMPLAINT**

          Plaintiff,

-against-

UNITED STATES POSTAL SERVICE and
MICHAEL GREY,
        Defendants.
------------------------------------------------------------x

Now come Plaintiff, Junior Nervil by and through his attorney, Harmon, Linder & Rogowsky, Esqs., and for his Complaint against Defendants, United States Postal Service AND Michael Grey hereby states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over this action is based upon 28 U.S.C. 1346(b), 2671 et. seq., a Federal Tort Claims Act claim, and under the substantive rights created by the Constitution of the United States of America.

2. In April of 2018 the claim set forth herein was presented to the United State Postal Service, this action is brought pursuant to 409 article 39 of the United States Code.

3. That the defendant, UNITED STATES POSTAL SERVICE, has neglected and or refused to make an adjustment in payment thereof within more than thirty (30) days after service of said Notice of Claim and Intention to Sue.

## PARTIES

3. Plaintiff, JUNIOR NERVIL, was and still is a resident in the County of Kings and State of New York.

4. Defendant, MICHAEL GREY, is an individual and citizen of the State of New York.

5. At all times herein mentioned, Defendant, UNITED STATES POSTAL SERVICE is corporation primarily acting as instrumentality or agency of the United States of America and its main office in Washington, DC.

## COUNT I
## JUNIOR NERVIL V. UNITED STATES POSTAL SERICE and MICHAEL GREY
### Negligent Operation of Motor Vehicle

6. The plaintiff repeats and realleges each allegation to this point as though fully set forth herein.

7. On the 22nd day of December 2017, at approximately 6:15a.m., defendants UNITED STATES POSTAL SERVICE, individually, jointly and severally owned and controlled a certain 2004 commercial international box truck bearing License Plate Number 4870552 then and there possessed and operated by their agent, servant, workman and/or employee, defendant MICHAEL GREY, in the course and scope of his employment, or otherwise with permissive use, traveling on Flatbush Avenue and at or near its intersection with East 105th Street when it was so negligently operated that it came into violent collision and/or struck the rear of the motor vehicle operated by plaintiff JUNIOR NERVIL, bearing New York License Plate Number 36714BB, as a result of which plaintiff sustained injuries more particularly set forth hereinafter.

8. At the time and place aforesaid, Defendant MICHAEL GREY, as an employee of defendant UNITED STATES POSTAL SERVICE negligently operated the defendants' vehicle by:

    (a) Operating his motor vehicle and/or box truck at an excessive rate of speed;

    (b) Failing to have his vehicle under proper and adequate control;

    (c) Failing to keep a proper lookout for traffic with superior position upon the highway;

(d) Failing to ensure that he had adequate line of sight of other vehicles and obstructions in his path;

(e) Failing to yield the right of way to the plaintiff's vehicle;

(f) Failing vehicle to keep its vehicle in the proper lane of travel;

(g) Failing to make a safe lane change and failing to turn his vehicle in a safe manner;

(h) Failing to inspect, maintain and have their motor vehicle in proper operating condition which was a substantial cause of the accident herein;

(i) Failing to ensure that he had adequate stopping distance to avoid hitting vehicles in front or next to him;

(j) Failing to ensure that he had adequate maneuvering room to avoid hitting vehicles in front, next to him, or in his path of travel;

(k) Driving at an excessive rate of speed;

(l) Operating his truck without adequate training and experience;

(m) Operating his truck in violation of hours of service rules pursuant to 49 CFR 395 et. Seq.;

(n) Failing to record his duty status in duplicate, for a 24 hour period prior to the accident;

(o) Failing to ensure, pursuant to 49 CFR 392.7, prior to operating his vehicle that the vehicle was in safe operating condition;

(p) Operating a vehicle in violation of 49 CFR 39.3 when his ability or alertness is impaired or likely to become so due to fatigue, illness, or other causes;

(q) Operating a vehicle while using a radar detector in violation of 49 CFR 391.71;

(r) Operating a vehicle in violation of 49 CFR 391.21 for failing to disclose to his employer all prior motor vehicle accidents for a period three year prior to the accident date;

(s) Failing to pay attention to the road ahead;

(t) Failing to be diligent at all times;

(u) Violating the applicable sections of the New York State Vehicle and Traffic Law, including, but not limited to Sections 1128(a), 1140, 1141, 1122, 1180(a), and 1163(a).

9. By reason of the aforesaid negligence of the defendants, plaintiff, JUNIOR NERVILE, Sustained serious, permanent and severe injuries in and about her person in the nature of cervical strain and sprain; multiple levels of bulges; multiple levels of herniation; cervical radiculopathy; cervical myelopathy; lumbar strain and sprain; multiple levels of bulges; multiple and of herniation to the lumbar spine.

10. As a result of the injuries sustained, plaintiff JUNIOR NERVILE was obliged to expend and in the future will have to continue to expend or will have to reimburse sums of money for medicine and medical treatments in and about endeavoring to treat herself for her injuries to her financial damage and loss.

11. As a further result of the aforesaid injuries, plaintiff was unable and will be unable to attend to his usual duties resulting in a concomitant loss of enjoyment of life.

12. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of the plaintiff, JUNIOR NERVILE contributing thereto.

13. That as a result of the foregoing, plaintiff, JUNIOR NERVILE, suffered a serious injury as defined in Section 5201(d) of the Insurance Law of the State of New York and has sustained

economic loss in excess of basic economic loss as defined in subsection (a) of section 5102 of the Insurance Law of the State of New York.

14. That the plaintiff is entitled to recover for noneconomic loss and for such economic losses as are not included within the definition of basic economic loss as set forth in New York Insurance Law 5102(a).

15. That with respect to loss beyond what is covered by basis economic loss as defined in NY Insurance Law 5102(a) the Plaintiff will be required to expend monies on various modalities of medical treatments including, but not limited to anticipated future surgeries.

16. That with respect to the serious injuries sustained by the plaintiff as defined in section 5102(d) of the Insurance Law of the State of New York, the plaintiff has suffered a consequential limitation of use of her cervical spine and suffered a significant limitation of use of her cervical spine.

## COUNT II
## JUNIOR NERVIL V. UNITED STATES POSTAL SERICE and MICHAEL GREY
### Negligent and Violation of 49 C.F.R. 395

17. The plaintiff repeats and realleges each allegation in paragraphs 1 through 16, as though fully set forth herein.

18. During the scope and course of his employment with UNITED STATES POSTAL SERVICE, defendant MICHAEL GREY breached his duty to drive a motor vehicle/bus truck on a public highway in such a manner he could stop in time to avoid a collision with an object in his range of vision and/or within the area lighted by his headlights.

19. The negligence, careless and wrongful acts of its employee are imputed to defendant YRC, INC.

20. That as a result of the negligence of Defendants, aforesaid, Plaintiff, JUNIOR NERVIL, sustained severe and protracted personal injuries, endured pain and suffering, was incapacitated from his normal pursuits, incurred medical expenses and pecuniary loss, loss of enjoyment of life, and plaintiff, JUNIOR NERVIL, is informed and verily believes that same will continue in the future, all to her detriment and loss.

21. Defendant UNITED STATES POSTAL SERVIC both individually and/or by and through its agent, workman, and/or employee, defendant MICHAEL GREY, was negligent and in violation of federal statutes including 49 C.F.R. 395 in directing its defendant employee to operate his vehicle in what was an unsafe manner that caused the defendant driver to unsafely operate his motor vehicle in excess of the limitations allowable under federal law and safe driving practices.

22. The aforementioned code and other violations were substantial factors in the happening of the accident herein.

## COUNT III
### JUNIOR NERVIL V. UNITED STATES POSTAL SERICE and MICHAEL GREY
### Negligent Hiring, Training and Retention

23. the plaintiff repeats and realleges each allegation in paragraphs 1 through 22, as though fully set forth herein, paragraphs 1 through 21, as though fully set forth at length herein.

24. Defendant UNITED STATES POSTAL SERVICE owed the general public, including the plaintiff, a duty to determine the qualifications of its employees including but not limited to:

    a) Adequately evaluating applicants before hiring them as truck drivers;

    b) Adequately training and supervising these drivers;

    c) Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before he injured the public of property;

    d)    Pursuant to 49 CFR 382.201 et. Seq., 382.301 et. Seq., 383.35, and 391 et. Seq., conduct and adequate investigation or inquiry into the driving record of MICHAEL GREY.

25.    Defendant UNITED STATES POSTAL SERVICE breached these duties to the general public, including the plaintiff by its negligent and careless training, hiring, supervision and retention of defendant MICHAEL GREY, who was unqualified, incompetent, and/or negligent and careless.

26.    The negligence of the defendant UNITED STATES POSTAL SERVICES, by and through their agents, servants, workmen or employees, in hiring, supervising and/or retaining defendant MICHAEL GREY included the following:

    a)    Failing to exercise due care in the hiring process;

    b)    Failing to properly interview, investigate and/or determine the background, qualification, attributes, tendencies and fitness of character of defendant MICHAEL GREY as such would relate to his ability to safely and properly do the job for which he was hired;

    c)    Failing to properly train, supervise and/or control defendant MICHAEL GREY, notwithstanding knowledge that he was unfit, unqualified and/or not suited to do the job for which he was hired;

    d)    Failing to discharge or relieve defendant MICHAEL GREY of his position, notwithstanding knowledge that he was unfit, unqualified and/or not suited to do the job for which he was hired.

## JURY DEMAND

27.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a

triable by jury on all issues.

WHEREFORE, plaintiff demands judgment against each defendant individually, jointly and/or severally in an amount in excess of $75,000.00 exclusive of costs upon each count.

*/s/ Mark J. Linder*

Mark J. Linder, Esq.
Attorneys for the Plaintiff
HARMON LINDER & ROGOWSKY
Attorneys at Law
3 Park Avenue
Suite 2300
New York, New York 10016
(212) 732-3665